**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Edward PHILLIPS et al., Appellees.**

Court of Appeals of Kentucky.

May 28, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Deddo G. Lynn, Lexington, for appellant.

W. Earl Dean, Harrodsburg, for appellees.

CLAY, Commissioner.

In this condemnation case the jury awarded the landowners $4,000 for a strip of land eight feet wide, taken from the front of their residence. The Commonwealth complains of excessiveness and improper evidence.

The property is located on College Street in Harrodsburg, with a 49 foot frontage. Located thereon is a six room house. The widening of the street resulted in the taking of the eight foot strip. The right of way line after the taking was within one and one-half feet of the residence, although upon completion of the improvements the edge of the roadway was nine feet from the front porch.

The Commonwealth's witnesses estimated the damages at $400. The landowners' experts fixed this difference in value at $5,000. All of the witnesses' appraisals of the after value were substantially the same (approximately $10,000). The principal difference in valuation arose in connection with the before value.

The thrust of the Commonwealth's argument with respect to excessiveness seems to be that the best use of this property would be for commercial purposes and therefore the loss of the eight foot strip could not cause substantial damage. However, the fact remains that the property is now being used for residential purposes, and the landowners' witnesses based their opinions of both before and after values on that use.

The Commonwealth contends that the testimony of both the landowners' expert witnesses should have been stricken because they either used improper factors or did not support their opinions by comparable sales. These witnesses were well qualified in the appraisal of real estate. We find nothing in their opinion testimony which would destroy its probative worth. These same witnesses presented similar evidence in Commonwealth, Department of Highways v. Mayes, Ky., 388 S.W.2d 125.

The verdict was less than the jury could have awarded under the evidence. As a matter of fact, they fixed the after value of the property higher than that of any witness. While the award was liberal, it does not appear to have been the result of passion and prejudice and we cannot declare it excessive in the light of the evidence.

The judgment is affirmed.